```
UNITED STATE DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------X

ROBERT GRUND, SUSAN GRUND, on behalf of
themselves and all others similarly
situated,

                        Plaintiffs,                    09 Civ. 8025

        -against-

DELAWARE CHARTER GUARANTEE & TRUST
COMPANY D/B/A PRINCIPAL TRUST COMPANY,
and PRINCIPAL FINANCIAL GROUP, INC.,

                        Defendants.

------------------------------------------X

BARBARA A. BURNS ET AL.,

                        Plaintiffs,                    10 Civ. 4534

        -against-

DELAWARE CHARTER GUARANTEE & TRUST
COMPANY D/B/A PRINCIPAL TRUST COMPANY,
and PRINCIPAL FINANCIAL GROUP, INC.,

                        Defendants.                    OPINION

------------------------------------------X
```

**Sweet, D.J.**

Defendants Delaware Charter Guarantee and Trust Company ("Delaware Charter") and Principal Financial Group ("PFG") (collectively, the "Defendants") have filed motions for

reconsideration in both Grund et al. v. Delaware Charter Guarantee and Trust Co. et al., 09 Civ. 8025, and Burns et al. v. Delaware Charter Guarantee and Trust Co. et al., 10 Civ. 4534.  The Court granted in part and denied in part the Defendants' motions to dismiss in Grund and Burns on May 25, 2011 and June 8, 2011, respectively (the "Grund Opinion" and the "Burns Opinion").  Both motions for reconsideration were considered fully submitted on July 20, 2011.

Defendants seek reconsideration of the Court's decision not to dismiss the claims of Robert and Susan Grund (the "Grund Plaintiffs") or Barbara Burns, James Burns, Daniel Mancuso, Kevin Romano, Robert Sheridan, Michelle Venema, Karen Mancuso, Joanne Romano, Michael Heaphy, and Suzanne Heaphy (the "Burns Plaintiffs") against PFG in either Grund or Burns.  The Grund Defendants also seek reconsideration and clarification of the Court's ruling with regard to liability arising from letters supplementing the Self-Directed Individual Retirement Trust Agreements ("SITRA") between the parties.

For the following reasons, Defendants' motions for reconsideration and clarification are granted in part and denied in part.

**Applicable Standard**

Federal Rule of Civil Procedure 60(a) provides for relief from a judgment or order based upon clerical mistakes, oversights and omissions. See Niederland v. Chase, No. 10 Civ. 3657, 2011 WL 2023253, at *4 (2d Cir. May 25, 2011). Rule 60(a) affords a means "to correct a judgment for the purpose of reflecting accurately a decision that the court actually made." Hodge v. Hodge, 269 F.3d 155, 158 (2d Cir. 2001) (internal quotation marks omitted).

Local Rule 6.3 governs motions for reconsideration and provides that the moving party must demonstrate controlling law or factual matters put before the court on the underlying motion that the movant believes the court overlooked and that might reasonably be expected to alter the court's decision. See Linden v. District Council 1707-AFSCME, 415 Fed. Appx. 337, 338-39 (2d Cir. 2011) (affirming dismissal of reconsideration motion as movant did not identify any relevant facts or controlling authority that the lower court overlooked); Lichtenberg v. Besicorp Group Inc., 28 Fed. Appx. 73, 75 (2d Cir. 2002) (affirming dismissal of reconsideration motion where movant

3

"failed to demonstrate that the [lower] court overlooked any fact of consequence or controlling legal authority at the time the court decided [the case]"). Alternatively, "[r]econsideration may be granted to correct clear error, prevent manifest injustice or review the court's decision in light of the availability of new evidence." Parrish v. Sollecito, 253 F. Supp. 2d 713, 715 (S.D.N.Y. 2003) (citing Virgin Atl. Airways, Ltd. v. National Mediation Bd., 965 F.2d 1245, 1255 (2d Cir. 1992)).

The reason for the rule confining reconsideration to matters that were "overlooked" is to "ensure the finality of decisions and to prevent the practice of a losing party examining a decision and then plugging the gaps of a lost motion with additional matters." Polsby v. St. Martin's Press, Inc., No. 97 Civ. 690, 2000 WL 98057, at *1 (S.D.N.Y. Jan. 18, 2000) (citation and quotation marks omitted). A court must narrowly construe and strictly apply Local Rule 6.3, so as to avoid duplicative rulings on previously considered issues, and to prevent the rule from being used as a substitute for appealing a final judgment. See In re Bear Stearns Cos., Inc. Sec., Derivative and ERISA Litig., No. 08 M.D.L. 1963, 2009 WL 2168767, at *1 (S.D.N.Y. Jul. 16, 2009) ("A motion for

4

reconsideration is not a motion to reargue those issues already considered when a party does not like the way the original motion was resolved.") (quoting Davey v. Dolan, 496 F. Supp. 2d 387, 389 (S.D.N.Y. 2007)); ResQNet.com, Inc. v. Lansa, Inc., No. 01 Civ. 3578, 2008 WL 4376367, at *2 (S.D.N.Y. Sept. 25, 2008) ("The standard for granting such a motion is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked – matters, in other words, that might reasonably be expected to alter the conclusion reached by the court.") (citations and quotation marks omitted); Ballard v. Parkstone Energy, LLC, No. 06 Civ. 13099, 2008 WL 4298572, at *1 (S.D.N.Y. Sept. 19, 2008) ("Local Rule 6.3 is to be narrowly construed and strictly applied in order to avoid repetitive arguments on issues that the court has fully considered.") (quoting Abrahamson v. Board of Educ., 237 F. Supp. 2d 507, 510 (S.D.N.Y. 2002)).

In determining a motion for reconsideration, the court should consider: (1) whether there has been "an intervening change of controlling law"; (2) whether there is new evidence presented that was not previously available on the original motion; and (3) whether there is a "need to correct a clear

error or prevent manifest injustice." Virgin Atlantic, 956 F.2d at 1255 (quoting 18 C. Wright, A. Miller & E. Cooper, Federal Practice & Procedure § 4478 at 790) (quotation marks omitted). Motions for reconsideration "are not vehicles for taking a second bite at the apple,… and [the court] [should] not consider facts not in the record to be facts that the court overlooked." Rafter v. Liddle, 288 Fed. Appx. 768, 769 (2d Cir. 2008) (citation and quotation marks omitted).

**Principal Financial Group Shall Remain a Defendant**

Defendants contend that the Court has upheld the Grund and Burns Plaintiffs' claims against PFG based on federal duties under 26 C.F.R. §1.408, which the Court also held does not provide any causes of action as a matter of law. Defendants argue that these holdings are inconsistent and that allowing the incorporation of Section 408 into the Defendants' contractual duties would impermissibly expand the scope of this action.

In the Grund and Burns opinions, the Court held that 26 C.F.R. §1.408 gives rise to no actionable duties. Grund Opinion at 12-13; Burns Opinion at 10-12. At the same time, the Court, after fully considering the parties' arguments, held that

PFG was responsible for Delaware Charter's proper exercise of its fiduciary powers, and that this relationship was in part created by 26 C.F.R. §1.408. <u>Grund</u> Opinion at 10-11; <u>Burns</u> Opinion at 7. Section 408(2)(e)(5)(i)(A)(1) provides that the parent/owners and directors of an applicant for IRA trustee status "will be held responsible for the proper exercise of fiduciary powers by the applicant."

In both opinions, Court noted that the <u>Burns</u> and <u>Grund</u> complaints did not allege direct misconduct by PFG, and they did not establish that PFG was Delaware Charter's "alter ego." <u>Grund</u> Opinion at 10-11; <u>Burns</u> Opinion at 7. However, the Court found that, at the motion to dismiss stage, the Defendants' corporate structure and Section 408(2)(e)(5)(i)(A)(1) established an alleged relationship between PFG and Delaware Charter sufficient to hold PFG liable for misconduct by Delaware Charter. <u>Grund</u> Opinion at 11; <u>Burns</u> Opinion at 7. Significantly, the Court did not hold that Section 408 created any federal causes of action upon which Delaware Charter or PFG could be sued. Rather, the Court held that a state law claim predicated upon a duty created by a federal statutory regime could go forward. This decision reflects the role of federal regulation in dictating IRA terms, but it does not open the door

to federal claims under Section 408, which were indisputably dismissed. The Court's opinions are not inconsistent, and they do let in a flood of federal claims which have been dismissed.

Defendants have failed to point to any oversight or mistake by the Court in keeping PFG as a defendant which requires remedy under Rule 60(a) and Local Rule 6.3.

**The IRS Letter Cannot Form the Basis of Breach of Contract Claims**

The Grund Defendants contend that breach of contract claims cannot arise from the IRS Letter, arguing that the Letter was sent to Delaware Charter by the Internal Revenue Service and cannot form a contract between Defendants and the Grund Plaintiffs. The Grund Defendants further claim that the Grund complaint does not sufficiently allege that the IRS Letter was a contract. The Grund Plaintiffs note that the IRS letter was included in the IRA application materials, but their motion papers do not otherwise refute the Defendants' points regarding the IRS Letter.

Citing paragraph 168 of the Amended Complaint, the Grund opinion let survive the claim that Defendants failed to

provide certain reports to the Grund Plaintiffs. Grund Opinion at 43. This alleged failure breached duties allegedly undertaken pursuant to the IRS Letter. Id.

Having reviewed the Amended Complaint in Grund, it is clear that the Grund Plaintiffs have not sufficiently alleged that the IRS Letter was a contract between them and the Defendants. The IRS Letter itself supports the conclusion that it was not meant to be an agreement between the Grund Plaintiffs and the Defendants. Therefore, the Grund Plaintiffs' claims stemming from the IRS Letter are dismissed with leave to re-plead.

**The Court Need Not Clarify Its Holdings with Regard to the Contract Claims**

The Grund Defendants contend that the Court's acceptance of "various letters" as the basis for contract claims requires clarification. Specifically, the Grund Defendants claim it is unclear what the scope of the remaining claims is and what specific documents they arise from.

As the Grund Defendants point out in their motion papers, only two documents beyond the SITRA are referred to in

9

the Grund opinion as being the basis for contractual obligations, the Letter of Understanding and the IRS Letter. The opinion is sufficiently clear that these two documents are the only bases for breach of contract liability apart from the SITRA. As held above, the IRS Letter claims are now dismissed upon reconsideration.

The Grund Defendants seek further clarification regarding which breach of contract claims arising from the Letter of Understanding survived their motion to dismiss. The Grund opinion cited three surviving contract claims arising from the Letter of Understanding for failing to undertake required administrative reviews, having an inappropriate business relationship with Nicholson, and engaging in a prohibited transaction. Grund Opinion at 43. No other claims stemming from the Letter of Understanding were listed in the Grund opinion. The Grund opinion was sufficiently clear that these are the only surviving breach of contract claims arising from the Letter of Understanding and no further clarification is needed.

**Conclusion**

For the foregoing reasons, <u>Burns</u> Defendants' motion for reconsideration is denied, and the <u>Grund</u> Defendants' motion for reconsideration and clarification is granted in part and denied in part.

It is so ordered.

**New York, NY**
**August 25, 2011**

_____
**ROBERT W. SWEET**
**U.S.D.J.**