## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                                            :
                                                            :
                                                            :
ROBERT GRUND and SUSAN GRUND,          :      Case No. 09-cv-8025 (RWS)
on                                                          :
behalf of themselves and all others similarly :
situated                                                    :
                                                            :
            Plaintiffs,                                     :
                                                            :
     v.                                                     :
                                                            :
                                                            :
PRINCIPAL FINANCIAL GROUP, INC.        :
AND DELAWARE CHARTER                   :
GUARANTEE & TRUST COMPANY              :
d/b/a PRINCIPAL TRUST COMPANY,         :
                                                            :
            Defendants.                                     :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## STIPULATION AND AGREEMENT OF SETTLEMENT

Putative class representatives Robert Grund, Susan Grund, Jeffrey Golden,

Victoria Golden, Stephanos Papademetriou, Vaciliki Papademetriou, and Eleni

Papademetriou (collectively, the "Named Plaintiffs"), on their own behalf and on

behalf of the settlement class defined below (collectively "Plaintiffs"), and

defendants Delaware Charter Guarantee & Trust Company d/b/a Principal Trust

Company ("Principal Trust") and Principal Financial Group, Inc. ("Defendants")

(collectively, with Plaintiffs, the "Parties"), enter into this stipulation and

agreement of settlement (the "Agreement").  This Agreement is intended by the

1

Parties hereto to fully and finally compromise, resolve, discharge, and settle the

Released Claims (as defined herein), subject to the terms and conditions set forth

below and final approval by the Courts presiding over the above-captioned action:

I.    **RECITALS**

WHEREAS:

A.    On September 18, 2009, certain of the Named Plaintiffs filed *Grund v.*

*Principal Financial Group, Inc. and Delaware Charter Guarantee & Trust*

*Company d/b/a Principal Trust Company*, No. 09 Civ. 08025-RWS (the

"Litigation") in the United States District Court for the Southern District of New

York against Defendants.  The Named Plaintiffs are seeking to proceed on their

own behalf and on behalf of a class (as defined below) of account holders, each of

whom allegedly lost Individual Retirement Account ("IRA"), profit-sharing or

pension account funds held in accounts with Defendants and invested in Westgate

Capital Management LLC and/or its affiliate companies (collectively, "Westgate")

through the alleged misconduct of non-party James Nicholson ("Nicholson").

Named Plaintiffs filed an amended complaint on April 16, 2010 ("Amended

Complaint").

B.      Defendants filed a motion to dismiss all claims asserted against them. The Court issued an Order on May 26, 2011 granting the motion in part and denying it in part.

C.      In the Fall of 2011, the parties engaged in initial settlement discussions and selected Eric Green, of Resolutions, LLC in New York, to act as a mediator to facilitate the Parties' settlement discussion. After exchanging numerous documents and calculations the Parties participated in a formal mediation session in New York with representatives of all Parties present on December 9, 2011. After conducting additional discussions, the parties renewed the formal mediation session on February 3, 2012. At the conclusion of the mediation the Parties reached an agreement in principle to settle the case, and memorialized the key terms in a Term Sheet that was signed by the Parties on April 9, 2012. The parties have since negotiated this Settlement Agreement and exchanged further information.

D.      The Parties specifically agree that Defendants' execution of this Agreement is not, and shall not be construed as, an admission by Defendants or deemed to be evidence:  (i) of the validity of any of the claims made by Plaintiffs or of any liability to Plaintiffs; (ii) that Defendants acted unlawfully in any respect; or (iii) that class certification is appropriate in the above-captioned action. Defendants deny any wrongdoing, fault, liability or damage to Plaintiffs or any

other party, and deny that they engaged in any wrongdoing, deny that they committed any violation of law, and deny that they acted improperly in any way.

E.     In addition to denying all liability, the Defendants have maintained that only Defendant Principal Trust undertook and is responsible for the conduct and omissions alleged in this action and have asserted that Defendant Principal Trust has limited assets to contribute to this settlement.

F.     The Parties and their respective counsel, taking into account the risks, uncertainties, delay, and expense involved in the Litigation, as well as other relevant considerations, have concluded that it is in the best interests of the Parties to compromise and fully and finally settle this Litigation in the manner and upon the terms and conditions hereinafter set forth.  The Parties intend that the Court shall conditionally certify a Class for settlement and that this Agreement shall encompass and end all pending, threatened, or possible litigation and/or claims by Plaintiffs against Defendants that allege or involve the claims that have been or could have been asserted in the Complaint or First Amended Complaint or any other Released Claims.

G.     Plaintiffs by their counsel, ("Class Counsel"), have conducted discussions and an arm's-length negotiation with Defendants in an attempt to settle the Released Claims and achieve the best relief possible.  The Parties have voluntarily agreed to settle the Released Claims after consultation with competent

4

legal counsel. Named Plaintiffs and their counsel have concluded that the terms and conditions of this Agreement are fair, reasonable, and adequate to the settlement Class, and in its best interest.

H.     Class Counsel state that they have conducted an extensive investigation relating to the claims and the underlying events and transactions alleged in the Litigation and have researched the applicable law with respect to the claims and potential claims against Defendants and the potential defenses thereto; and that their investigation included, among other things, (a) reviewing and analyzing all available documents from Named Plaintiffs relating to their accounts and investments in Westgate; (b) reviewing and analyzing, to the extent available, Defendants' relevant records, correspondence, and internal policies, as well as numerous other documents produced by Defendants; (c) reviewing the various receiver's reports and documents in the *SEC v. Nicholson*, 09-cv-1748 (S.D.N.Y) action; and (d) conducting an interview of an employee representative of Defendants.

I.     Subject to the provisions herein, the Parties each agree to settle the Litigation under the terms and provisions of this Agreement, after considering (a) the substantial benefits that Plaintiffs will receive from the Settlement, (b) the attendant risks of litigation, and (c) the desirability of permitting the Parties' settlement to be consummated as provided by the terms of this Agreement.

NOW THEREFORE, without any admission or concession on the part of Plaintiffs of any lack of merit of the claims asserted in the Litigation, and without any admission or concession of any liability or wrongdoing or lack of merit in defenses whatsoever by Defendants, it is hereby STIPULATED AND AGREED, by and among the Parties, as follows:

## II.   <u>DEFINITIONS</u>

These definitions are applicable to this Agreement.

A.     "*Burns* Plaintiffs" means any and all of the plaintiffs in the matter of *Burns et al. v. Delaware Charter Guarantee & Trust Co.*, Case No. 10-cv-4534 (RWS) (S.D.N.Y.) ("*Burns*"), including any Class members who become plaintiffs in the *Burns* matter subsequent to execution of this Agreement.

B.     "Class Administration Expenses" means the fees charged and expenses incurred by the Class Administrator in completing the class administration process set forth in this Agreement.

C.     "Class Administrator" means RUST Consulting, Inc., the qualified third party selected by the Settling Parties.  Defendants shall select a successor in the event one becomes necessary, subject to initial approval by Class Counsel, which approval shall not be unreasonably withheld.

D.     "Class" means Named Plaintiffs and:

All persons who held a self-directed IRA, profit-sharing or pension account administered by Principal Trust Company on February 29, 2009, the funds of which account were invested in funds of Westgate and/or the Westgate Affiliates as of that date.  Excluded from this class are Defendants; any judge or judicial officer  who may hear any aspect of this case (and his or her law clerks); and any person, firm, trust, corporation, or other entity related to or affiliated with any of the Defendants, Nicholson, Westgate, or the Westgate Affiliates.

E.     "Class Counsel" means the law firms of Zamansky & Associates LLC; Lovell Stewart Halebian Jacobson LLP; and any attorneys at these firms assisting in the representation of the Class in this Litigation.

F.     "Class Counsel's Fees" means the amount awarded as attorney's fees to Class Counsel by the Court for prosecuting the Litigation and implementing this Agreement.

G.     "Court" means the United States District Court for the Southern District of New York.

H.     "Final Settlement Date" means the date on which the Judgment approving this Agreement becomes final.  For purposes of this definition, the Judgment shall become final:

1.     if no appeal is taken, on the date on which the time to appeal has expired;

2.     if any appeal is taken, on the date on which all appeals, including petitions for rehearing or reargument, petitions for review and petitions

for certiorari or any other form of review, have been finally disposed of in a manner resulting in affirmance of all the material provisions of the Judgment; or

         3.    on a date after entry of the Judgment, which date counsel to the Parties agree to in writing.

      I.    "Final Settlement Hearing" means the hearing to be conducted by the Court to determine, *inter alia*, whether to approve the Settlement and enter the Judgment.

      J.    "Judgment" means the Court's order approving the Settlement and dismissing the Litigation with prejudice submitted in a form substantially similar to the document attached as Exhibit D hereto.

      K.    "Notice" means the "Notice of Proposed Class Action Settlement" approved by the Court and in a form substantially similar to the document attached as Exhibit C hereto.

      L.    "Opt-Out Plaintiffs" means any and all individuals or entities who exclude themselves from this Settlement, including but not limited to *Burns* Plaintiffs who exclude themselves from the Settlement.

      M.    "Plaintiffs' Expenses" means all of those reasonable expenses of litigation incurred by the Plaintiffs and Class Counsel.

N.      "Preliminary Approval Date" means the date of entry of the Court's order granting preliminary approval of the Settlement in the form of the Preliminary Approval Order attached to this Agreement as Exhibit B.

O.      "Preliminary Approval Order" means the proposed order entered by the Court preliminarily approving the Settlement and directing Notice thereof to the Class substantially in the form attached as Exhibit B hereto.

P.      "Settlement" means the settlement entered into by the Parties as set forth in this Agreement.

## III.   SETTLEMENT TERMS

The Parties agree on the following terms, all of which are subject to the requirements, exceptions, circumstances, and restrictions set forth below.

### A.   Approval of Settlement

1.      Named Plaintiffs shall file with the Court a motion for preliminary approval of the Agreement substantially in the form attached hereto as Exhibit A, which motion Defendants shall not oppose.

2.      The motion for preliminary approval shall request that the Court enter the Preliminary Approval Order, which shall, *inter alia*:

a)  Preliminarily approve this Agreement;

b)  Certify the Litigation as a class action for settlement purposes only on behalf of the Class described herein;

9

c) Approve the Notice as fair, adequate, reasonable, and consonant with due process;

d) Schedule a Final Settlement Hearing to occur as soon as practicable but no sooner than 150 days after the Preliminary Approval Date, at which hearing the Court will determine whether to grant final approval to the Settlement, as well as consider any requests for Class Counsel Fees, Plaintiffs' Expenses, or Class Representative Enhancements;

e) Provide that any member of the Class who timely notifies the Court and counsel of record in writing of their objection to the approval of this Agreement may appear at the Final Settlement Hearing, and show cause why all terms of the proposed Settlement called for by this Agreement should not be approved as fair, reasonable, and adequate, and why a judgment should not be entered thereon, and further set forth the requirements and deadline for filing such objections;

f) Provide that members of the Class who desire to exclude themselves from the Class may do so by notifying Class Counsel in writing of their desire to opt out, and further set forth the requirements and deadline for doing so;

g) Provide that no person shall be entitled in any way to contest the approval of the terms and conditions of this Agreement, or the Judgment to be entered thereon, except by filing and serving written objections in accordance with the provisions of Section G, *infra*, and that any member of the Class who fails to opt out or to object in the manner prescribed in this Agreement shall be deemed to have waived, and shall be foreclosed forever from raising any objections to, this Agreement, or asserting claims arising out of, relating to, or based in whole or part on any of the facts or matters alleged, or which could have been alleged, or which were otherwise at issue in the Litigation;

h) Stay the Litigation; and

i) Enjoin Class members from proceeding with any competing claims against Defendants similar to those that are asserted in this Litigation, except for the *Burns* Plaintiffs.

3.   Defendants shall stipulate to the certification of the Class for settlement purposes only.  The certification of the Class shall be effective only with respect to the settlement of the Litigation.  In the event that the Agreement is terminated pursuant to its terms or the Final Settlement Date does not occur for any

reason, the certification of the Class shall be vacated, and the Litigation shall proceed as it existed prior to execution of this Agreement.

4.     Within ten (10) days after the filing of the motion for preliminary approval, Defendants shall provide notice of the Settlement, consistent with the requirements of 28 U.S.C. § 1715(b), to the Attorney General of the United States, and the Attorney Generals of each of the fifty U.S. states in which a Class member resides.  If any of the notified federal or state officials takes any action adversely affecting the validity or enforceability of the Settlement or seeking to impose additional terms or liability on Defendants for the matters resolved by the releases contained in this Agreement, Defendants may, at their option, suspend the implementation of the Settlement pending the outcome of the action initiated by the notified federal or state official or may rescind and revoke the entire Settlement and this Agreement, thus rendering the Agreement void in its entirety, by written notice to Class Counsel, with any and all monies paid to the Settlement Fund returning to Defendants.

5.     At the Final Settlement Hearing, Plaintiffs shall request the Court to review any petitions to intervene or objections to the Agreement which have been timely filed and to conduct such other proceedings (including the taking of testimony, receipt of legal memoranda, and hearing of arguments from the Parties, or others properly present, at the Final Settlement Hearing) as the Court

may deem appropriate under the circumstances.  At the Final Settlement Hearing, Plaintiffs shall request the Court to enter an order and final judgment and decree which, among other things:

a) Approves, without material alteration, the proposed Settlement, pursuant to the terms of this Agreement;

b) Finds that the terms of this Agreement are fair, reasonable, and adequate to the settlement Class;

c) Provides that each member of the Class shall be bound by this Agreement, including the releases in Section B of this Agreement, *infra*;

d) Finds that the mailing of the Notice satisfies the requirements of the Federal Rules of Civil Procedure and the requirements of due process;

e) Approves the amount of Class Counsel Fees, Plaintiffs' Expenses, and Class Representative Enhancements, subject to the provisions of Section D, *infra*;

f) Dismisses all claims made in this Litigation on the merits and with prejudice, and enters final judgment thereon with a finding that there is no just reason to delay enforcement or appeal;

g) Retains jurisdiction of all matters relating to the interpretation, administration, implementation, effectuation, and enforcement of this Agreement.

6.      Upon final approval of the Settlement by the Court at or after the Final Settlement Hearing, the Parties shall seek and obtain from the Court the Judgment in the form attached hereto as Exhibit D.

7.      Should the Court decline to approve this Agreement or fail to enter the Judgment in the form of Exhibit D, or should the Court's approval of the Judgment be reversed or otherwise altered by an appeal or any other proceeding that results in the Final Settlement Date not being achieved, the Agreement shall be voidable by Plaintiffs or Defendants by written notice to the attorneys of record for the other Party filed no later than fifteen (15) days after entry of any such order or after service of an applicable notice of ruling, whichever comes later.

**B.      Release of Claims**

1.      Upon entry of the final Judgment and order dismissing the Litigation, Plaintiffs, including Named Plaintiffs, on behalf of themselves and their respective agents, heirs, executors, administrators, successors, assigns, guardians, and representatives, ("Plaintiff Releasors") shall be deemed to have covenanted and agreed that Defendants, their parents, subsidiaries, affiliates, predecessors, successors, assigns, attorneys, accountants, representatives, present and former

officers, inside and outside directors, shareholders, employees, reinsurance carriers and/or Independent Agents (collectively "Defendant Releasees"), are forever released and discharged from all actual or potential claims, actions, causes of action, demands, obligations, or liabilities, whether arising under local, state, or federal law, whether by statute, contract, common law, or equity, whether brought in an individual, representative, or other capacity, whether known or unknown, suspected or unsuspected, asserted or unasserted, foreseen or unforeseen, actual or contingent, liquidated or unliquidated that have been or could have been brought and arise out of the acts, omissions, facts, statements, matters, transactions, or occurrences that have been alleged or referred to in the Litigation, including, for the avoidance of doubt, any and all causes of actions or claims that relate in any way to the Plaintiff Releasors' investments in Westgate ("Plaintiffs' Released Claims").

2.      Upon entry of the final Judgment and order dismissing the Litigation, Defendants, on behalf of themselves and their respective agents, heirs, executors, administrators, successors, assigns, guardians, and representatives, ("Defendant Releasors") shall be deemed to have covenanted and agreed that Plaintiffs, their parents, subsidiaries, affiliates, predecessors, successors, assigns, attorneys, accountants, representatives, present and former officers, inside and outside directors, shareholders, employees, reinsurance carriers and/or Independent

15

Agents (collectively "Plaintiff Releasees"), are forever released and discharged from all actual or potential claims, actions, causes of action, demands, obligations, or liabilities, whether arising under local, state, or federal law, whether by statute, contract, common law, or equity, whether brought in an individual, representative, or other capacity, whether known or unknown, suspected or unsuspected, asserted or unasserted, foreseen or unforeseen, actual or contingent, liquidated or unliquidated that have been or could have been brought and arise out of the acts, omissions, facts, statements, matters, transactions, or occurrences that have been alleged or referred to in the Litigation, including, for the avoidance of doubt, any and all causes of actions or claims that relate in any way to the Plaintiff Releasors' investments in Westgate.

3.      Nothing in this Agreement shall be construed to limit or restrict Defendants' right to assert and maintain the defenses of res judicata, collateral estoppel, payment, release, compromise and settlement, accord and satisfaction, or any other legal or equitable defense in response to any claim, cause of action, demand, liability, suit, or judgment, whether arising in equity, common law, contract, or any statute, regulation, or otherwise, that may have accrued or may ever accrue.

4.      In connection with this Release, Plaintiff Releasors are releasing past or currently existing claims, and are aware that they may hereafter

discover claims that existed in the past or present, that may be unknown or unsuspected, but discoverable based on reasonable investigation, or facts in addition to or different from those which they now know or believe to be true with respect to the allegations and subject matters in the Complaint or First Amended Complaint. Nevertheless, it is the intention of Named Plaintiffs and other Class members to fully, finally, and forever settle and release, as part of the Plaintiffs' Released Claims, all such matters and all claims relating, which exist or might have existed (whether or not previously or currently asserted in this litigation).

C.   **Settlement Amount and Settlement Fund**

1.   In connection with the Settlement and in consideration of the promises and covenants set forth in this Agreement, Defendants shall pay a total of $3,200,000, reduced by the Opt-Out Plaintiffs' *pro rata* settlement shares as discussed in Section H below ("Settlement Amount"). The Settlement Amount, and interest earned thereon, will be used to make all payments to Class members pursuant to this Agreement, and to pay Class Counsel Fees, Plaintiffs' Expenses, or Class Representative Enhancements approved by the Court pursuant to Section D below. Defendants shall have no liability or financial responsibility of any kind in connection with the Settlement other than as expressed in this Section.

2.   Defendants shall deposit $1,400,000 into an interest-bearing escrow fund ("Settlement Fund") within three business days of the date set by the Court

17

for the Final Settlement Hearing.  Defendants shall deposit into the Settlement

Fund the additional amount owed based on participation in the Settlement (up to

$1,800,000) within 10 days following the entry of the order granting final

approval.  In the event the Settlement does not receive final approval, either of the

Parties terminates the Agreement, or the Final Settlement Date does not occur for

any reason, any amounts deposited in the Settlement Fund and any interest earned

thereon will be returned to the Defendants.

**D.     Attorneys' Fees, Plaintiffs' Expenses, and Class Representative
         Enhancements**

      1.     Defendants understand that Class Counsel shall apply to the

Court for determination of reasonable Class Counsel Fees and Plaintiffs' Expenses

pursuant to Federal Rule of Civil Procedure 23(h).  Defendants also understand

that each Named Plaintiff shall apply to the Court for Class Representative

Enhancements.

      2.     Defendants understand that the Court's determination of the

awards of Class Counsel's Fees, Plaintiffs' Expenses, and Class Representative

Enhancements shall be scheduled for discussion at the Final Settlement Hearing.

The application for Class Counsel's Fees, Plaintiffs' Expenses, and Class

Representative Enhancements shall be made at least twenty-eight (28) days prior to

the Final Settlement Hearing.  Defendants' counsel shall have twenty-one days after the application to file any response.

      3.    Plaintiffs shall request a Class Representative Enhancement Awards of three payments of $10,000 for each family of Named Plaintiffs, i.e., $10,000 total for Robert Grund and Susan Grund together; $10,000 total for Jeffery Golden and Victoria Golden together; and $10,000 for Stephanos Papademetriou, Vaciliki Papademetriou, and Eleni Papademetriou together.  If the Court enters the Judgment but determines not to award a Class Representative Enhancement, or for any reason awards less than $10,000 to each family of Named Plaintiffs, the rest of the Settlement shall not be affected and shall remain in full force and effect. Defendants shall pay the Class Representative Enhancements, if any, awarded by the Court from the Settlement Fund, but Defendants shall in no event be responsible to pay more than $10,000 per family of Named Plaintiffs, as described above.

      4.    Subject to the foregoing limitations, Defendants shall pay such Class Counsel's Fees, Plaintiffs' Expenses, and Class Representative Enhancements as may be awarded by the Court to such persons or firms as the Court may direct within seven (7) business days after the Final Settlement Date.

### E.   Class Administration

1.   Defendants shall hire a Class Administrator to perform or to arrange for the printing and mailing of the Notices, review and report any objections to or requests for exclusion from the Settlement, communicate with Class members, process and distribute Settlement Payments to Class members, and perform any other tasks associated with the implementation of this Agreement not reserved to the Parties.

2.   All Class Administration Expenses, *i.e.* the costs, fees, and expenses incurred in giving notice to the Class; receiving, reviewing, and reporting requests for exclusion and objections, and other communications from Class members; processing and distributing Settlement Payments to Class members; and any other matters relating to the administration and implementation of the Settlement, shall be the sole responsibility of the Defendants, and shall be paid solely from the Settlement Amount.

### F.   Notice

1.   A Notice approved by the Court and substantially in the form attached hereto as Exhibit C, shall be provided to the Class using the following procedures.

2.   Within ten (10) business days after the Preliminary Approval Date, Defendants shall provide Class Administrator with the Notice approved by

the Court, as well as a list of Class members' names and last-known addresses determined by reference to Defendants' internal records ("Mailing List").

3.      The Class Administrator shall mail the Notice to each Class member at the property address identified on the Mailing List, unless the Class Administrator finds a more current address clearly identifiable to that Class member through the National Change of Address Service.  The direct mail notice shall be sent by regular mail in an envelope bearing the return address of the Class Administrator.  The Class Administrator shall mail the Notice within thirty (30) days after the Preliminary Approval Date.

4.      In the event any mailing to a Class member containing a Notice is returned to the Class Administrator, the Class Administrator shall take steps that are economically sensible to locate said Class member, or his or her successor(s) in interest, heir(s), or assign(s), and thereafter redeliver said Notice as appropriate.

G.      **Objection And Exclusion Procedures**

1.      The Notice shall provide that the Class members who wish to object to the Settlement must file with the Court and serve on counsel for the Parties a written statement that shall be (i) in writing; (ii) contain the claimant's full name and address; (iii) contain a statement of each objection being made; (iv) contain a detailed description of the facts underlying each objection; (v) contain a detailed description of the legal authorities underlying each objection, if any; and

21

(vi) indicate whether the claimant intends to appear at the Final Settlement Hearing and, if so, provide a list of witnesses who may be called to testify at the Final Settlement Hearing, either live or by deposition or by affidavit, if any, and a list of exhibits, along with copies of the exhibits, that the objector may offer during the Final Settlement Hearing, if any, and further providing the deadline for filing such objections provided in the Notice and Preliminary Approval Order ("Objection Deadline"). Class members who fail to file and to serve timely written objections and notice of intention to appear in the manner specified above shall be deemed to have waived any objections and shall be foreclosed from making any objection (whether by appeal or otherwise) to the Settlement.

2.      The Notice shall provide that the Class members may elect to exclude themselves from this Settlement, relinquishing their rights to benefits under this Agreement. Class members who exclude themselves from the Settlement shall not release claims, including pursuant to Section B above. The Notice shall provide that Class members who wish to exclude themselves from the Settlement must send to the Class Administrator a written letter including their name and address and providing a statement communicating that they elect to be excluded from the Settlement Class, do not wish to be a Settlement Class Member, and elect to be excluded from any judgment entered pursuant to this Settlement Agreement that is sufficiently clear that the Class Administrator and Parties

22

understand the Class member's elections.  Class members who fail to submit a

valid and timely request for exclusion on or before the date specified in the Notice

and Preliminary Approval Order ("Exclusion Deadline") shall be bound by all

terms of the Agreement and Judgment, regardless of whether they have requested

exclusion from the Settlement.  Any Class member who submits a timely request

for exclusion may not file an Objection to the Settlement and shall be deemed to

have waived any rights or benefits under this Agreement.

      3.    The date of the postmark on the return mailing envelope shall

be the exclusive means used to determine whether a request for exclusion or an

objection has been timely submitted.

      4.    The Class Administrator shall provide to Class Counsel and

Defendants' counsel copies of all objections and requests for exclusion within five

(5) business days of their receipt.

      5.    Notwithstanding any other provision of this Agreement, if the

number of Opt-Out Plaintiffs (not including Class members who are plaintiffs in

the *Burns* action on the date this Agreement is executed) is in excess of ten percent

(10%) of the total number of Class members, Defendants, in their sole discretion,

may rescind and revoke the entire Settlement and this Agreement, thus rendering

the Agreement void in its entirety, with any and all monies paid to the Settlement

Fund and any interest earned thereon returning to Defendants, by sending written

notice that Defendants revoke the Settlement pursuant to this Section to Class Counsel within fifteen (15) days following the Exclusion Deadline.

## H.   Calculation of Settlement Payments

1.      Every member of the Class who is not an Opt-Out Plaintiff shall be entitled to a payment equal to his or her *pro rata* share ("Settlement Share") of the Settlement Amount plus any interest earned thereon while contained in the Settlement Fund, less Class Administration Expenses and Class Counsel Fees, Plaintiffs' Expenses, or Class Representative Enhancements approved by the Court and paid from the Settlement Fund, and subject to minimum payment adjustments described in Section H(3) below ("Settlement Payment").

2.      Defendants shall calculate each Class member's Settlement Share by dividing their Westgate Investment Loss by the total Westgate Investment Losses for all Class members.  Westgate Investment Losses shall be the "Total Net Investment" figures appearing for each Class member's relevant Principal Trust-administered account on the restitution list published by the United States Government after its investigation of the Westgate funds in the matter of *U.S. v. James Nicholson*, 09 Cr. 414 (RJS) (S.D.N.Y.), attached hereto as Exhibit E ("Restitution List").

3.      All Class members whose Settlement Share is zero shall be entitled to a $500 minimum payment from the Settlement Fund.  Likewise, all

Class members who have a Settlement Share above zero, but whose Settlement Share results in an estimated payment of less than $500, shall be entitled to a minimum of $500 payment from the Settlement Fund.

   4. Defendants shall provide to Class Counsel a document identifying the total calculated Westgate Investment Losses, Settlement Share for each Class Member, and Class members projected to be entitled to minimum payment adjustments ("Westgate Class Report"). The document shall separately identify the *Burns* Plaintiffs. The Parties shall confer in good faith regarding any disagreements over the information listed in the Westgate Class Report.

   5. After agreeing on the figures in the Westgate Settlement Report the Parties shall confer and agree on a reasonable estimate of Class Administration Expenses, as well as Plaintiffs' Expenses, Class Counsel Fees, and Class Representative Enhancements to be requested at the Final Settlement Hearing. The Parties shall subtract these estimated figures from $3.2 million, multiply each Class member's Settlement Share by the resulting figure, and make necessary minimum payment adjustments to calculate estimated Settlement Payments to report in the Notice.

   6. The Notice shall provide Class members an opportunity to submit documents demonstrating losses in excess of those indicated by the Restitution List, and the deadline for submission of those documents shall be 60

days prior to the Exclusion Deadline. Class Counsel shall examine those documents and promptly submit to the Defendants' counsel any documents that they believe, in good faith, demonstrate entitlement to an increase in any Class member's Settlement Share. The parties shall confer in good faith over Class Counsel's requests for changes in Class member Settlement Shares, and agree to resolve all discussions over Settlement Shares no later than thirty (30) days prior to the Exclusion Deadline.

       7.    Within fourteen (14) days after the Final Settlement Date the Class Administrator shall multiply each Class member's Settlement Share by the actual amount remaining in the Settlement Fund after the deductions discussed above, including for Class Administration Costs and any Class Counsel Fees, Plaintiffs' Expenses, or Class Representative Enhancements approved by the Court and paid from the Settlement Fund. The Class Administrator shall multiply all Opt-Out Plaintiffs' Settlement Shares by the total amount in the Settlement Fund and perform necessary minimum payment adjustments. The Opt-Out Plaintiffs' Settlement Shares resulting from this calculation shall be deducted from the Settlement Fund and returned to the Defendants immediately. No Opt-Out Plaintiff shall receive a Settlement Payment or any other payment from the Settlement Fund. The non Opt-Out Plaintiff Class members' *pro rata* Settlement Shares shall be distributed as Settlement Payments by the Class Administrator.

## I.    <u>Distribution of Settlement Payments</u>

1.    Promptly after finalizing calculation of the Settlement Payments, the Class Administrator shall send to each Class member entitled to a Settlement Payment a check or draft payable to that Class member in the amount of the Settlement Payment.

2.    The Class Administrator shall mail the Settlement Payment to each Class member at the property address identified on the Mailing List, unless the Class Administrator finds a more current address clearly identifiable to that Class member through the National Change of Address Service.  Defendants shall cooperate with Class Administrator to provide any updated address information for Class members receiving Settlement Payments.  The Settlement Payment shall be sent by regular mail in an envelope bearing the return address of the Class Administrator.

3.    In the event any mailing to a Class member containing the Class member's Settlement Payment is returned to the Class Administrator, the Class Administrator shall take steps that are economically sensible to locate said Class member, or his or her successor(s) in interest, heir(s), or assign(s), and thereafter cancel the original Settlement Payment check, issue a new check, and redeliver the newly-issued Settlement Payment check as appropriate.

4.     The Settlement Payment checks issued in connection with this Agreement that remain unclaimed within 180 days of issuance are void, and Defendants shall have no further payment obligations for any such Settlement Payment.  Any funds corresponding to any such unclaimed checks, or otherwise remaining in the Settlement Fund 180 days after the last date of issuance of a Settlement Payment check, shall be subject to further order of the Court.

**J.     Additional Terms**

1.     After the execution of this Agreement, the Parties voluntarily agree to enter into a stay of all other litigation activities concerning this Litigation. The stay of all litigation activities shall remain in effect until one of the following events occurs:  (i) the Final Settlement Date; or (ii) one of the Parties voids this Agreement pursuant to the terms of the Agreement.

2.     Neither this Agreement nor any document prepared in connection with the Settlement may be admitted in any proceeding as an admission by Defendants or Plaintiffs, except any and all provisions of the Agreement may be admitted in evidence and otherwise used in a proceeding to enforce any or all terms of the Agreement, or in defense of any claims released or barred by this Agreement.

3.     If any administrative proceeding or action is commenced on or before a date that is six (6) months from the Preliminary Approval Date by any

28

federal, state, or local government authority in a *parens patriae* or other function

asserting claims within the scope of the allegations in the lawsuit, Named Plaintiffs

and Class Counsel shall intervene in that action at the request of Defendants.  They

shall support Defendants by asserting that the governmental action is within the

scope of this Agreement, the Complaint, the First Amended Complaint and the

Judgment, if that assertion is true.  Additionally, Defendants shall have the option,

in their sole discretion, to immediately direct the Class Administrator to suspend

any payments to the Class members pending the outcome of the suit or

administrative proceeding brought by the governmental authority.  Named

Plaintiffs and Class Counsel are not entitled to receive any additional

compensation from Defendants for attorneys' fees or expenses related to their

efforts expended to intervene in such an action at the request of Defendants.

> 4.     The Parties and their counsel shall not initiate any press

releases or contact, direct or indirect, with the public media, *i.e.*, traditional print

media and electronic media.  The Parties and their counsel agree that, in

responding to any inquiries from the public media concerning the Litigation and/or

the Settlement, the Parties and their counsel shall limit their comments to the

provision of factual information as is contained in the Notices, this Agreement, the

pleadings, and/or any of the court orders in the Litigation, and may further state

only to the effect that "the matter has been settled to the satisfaction of all Parties

subject to Court approval." Nothing in this paragraph shall limit Class Counsel's ability to communicate privately with a Class member concerning this Litigation or Settlement. Defendants may make such public disclosures about the Litigation and Settlement as any applicable laws require.

       5.      Unless otherwise specifically provided herein, all notices, demands or other communications given hereunder shall be in writing and shall be deemed to have been duly given as of the third business day after mailing by United States mail, addressed as follows:

          To the Named Plaintiffs and members of the Class:

          Jacob H. Zamansky
          Zamansky & Associates LLC
          50 Broadway, 32nd Floor
          New York, NY 10004

          To Defendants:

          Kevin M. Fee, Esq.
          Sidley Austin LLP
          One South Dearborn Street
          Chicago, IL  60603

       6.      After this Agreement is fully executed by all Parties and their attorneys of record, this Agreement and its attached Exhibits shall constitute the entire agreement relating to settlement of the Litigation, and it shall then be deemed that no oral representations, warranties, or inducements have been made to

any party concerning this Agreement or its Exhibits other than the representations, warranties, and covenants expressly stated in this Agreement and its Exhibits.

7.     Class Counsel unconditionally warrant and represent that they are authorized by Named Plaintiffs, for whom they are attorneys of record, and the attorneys of record for Defendants warrant and represent that they are authorized by Defendants to take all appropriate action required or permitted to be taken by such Parties pursuant to this Agreement to effectuate its terms and to execute any other documents required to effectuate the terms of this Agreement.  The Parties and their counsel shall cooperate with each other and use their best efforts to effect the implementation of the Settlement.

8.     No opinion concerning the tax consequences of the Settlement to individual Class members is being given or will be given by the Parties or their counsel, nor is any representation or warranty in this regard made by virtue of this Agreement.  Plaintiffs must consult their own tax advisors regarding the tax consequences of the Settlement, including any payments provided hereunder and any tax reporting obligations they may have with respect thereto.  Each Class member's tax obligations, and the determination thereof, are the sole responsibility of the Class member, and it is understood that the tax consequences may vary depending on the particular circumstances of each individual Class member.

9.    This Agreement, and any and all parts of it, may be amended, modified, changed, or waived only by an express written instrument signed by counsel for all Parties.

10.    This Agreement shall be binding upon, and inure to the benefit of, the successors of each of the Parties.

11.    All terms of this Agreement and its Exhibits shall be governed by and interpreted according to the laws of the State of New York, without giving effect to any conflict of law principles or choice of law principles.

12.    The Parties have cooperated in the drafting and preparation of this Agreement.  This Agreement shall not be construed against any party on the basis that the party was the drafter or participated in the drafting.

13.    This Agreement may be executed in one or more counterparts. All executed counterparts and each of them shall be deemed to be one and the same instrument provided that counsel for the Parties to this Agreement shall exchange among themselves original signed counterparts.  Facsimile signatures and signatures submitted by electronic mail shall be accepted.  Any executed counterpart shall be admissible in evidence to prove the existence and contents of this Agreement.

14.     The descriptive headings of any paragraph or sections of this Agreement are inserted for convenience of reference only and do not constitute a part of this Agreement.

15.     The exhibits attached hereto and thereby incorporated into this Agreement are as follows:

   A.     Motion for Preliminary Approval
   B.     (Proposed) Preliminary Approval Order
   C.     (Proposed) Notice of Class Action Settlement
   D.     Judgment
   E.     Restitution List

## IV.    **EXECUTION**

The undersigned, being duly authorized, have caused this Agreement to be executed on the dates shown below and agree that it shall take effect on that date upon which it has been executed by all of the undersigned.

ROBERT GRUND, SUSAN GRUND,
JEFFREY GOLDEN, VICTORIA GOLDEN,
STEPHANOS PAPADEMETRIOU, VACILIKI PAPADEMETRIOU,
AND ELENI PAPADEMETRIOU

By: _____

Name: Jacob H. Zamansky, Esq.

Date: 2/13/13

**Zamansky & Associates LLC**
50 Broadway, 32nd Floor
New York, New York 10004

**Lovell Stewart Halebian Jacobson LLP**
61 Broadway, Suite 501
New York, New York 10006

**PRINCIPAL FINANCIAL GROUP, INC.**

By: _____

Name:

Date:

**DELAWARE CHARTER GUARANTEE & TRUST COMPANY d/b/a
PRINCIPAL TRUST COMPANY**

By: _____

Name:

Date:

CHI 7294463v.3

**ROBERT GRUND, SUSAN GRUND,**
**JEFFREY GOLDEN, VICTORIA GOLDEN,**
**STEPHANOS PAPADEMETRIOU, VACILIKI PAPADEMETRIOU,**
**AND ELENI PAPADEMETRIOU**

By: _____
Name: Jacob H. Zamansky, Esq.
Date:

**Zamansky & Associates LLC**
50 Broadway, 32nd Floor
New York, New York 10004

**Lovell Stewart Halebian Jacobson LLP**
61 Broadway, Suite 501
New York, New York 10006

**PRINCIPAL FINANCIAL GROUP, INC.**

By: _____
Name: B. G. CHRISTMAN
Date: 2/13/2013

**DELAWARE CHARTER GUARANTEE & TRUST COMPANY d/b/a**
**PRINCIPAL TRUST COMPANY**

By: _____
Name:
Date:

34

CHI 7294463v.3

**ROBERT GRUND, SUSAN GRUND,**
**JEFFREY GOLDEN, VICTORIA GOLDEN,**
**STEPHANOS PAPADEMETRIOU, VACILIKI PAPADEMETRIOU,**
**AND ELENI PAPADEMETRIOU**

By: _____
         Name: Jacob H. Zamansky, Esq.
         Date:

         **Zamansky & Associates LLC**
         50 Broadway, 32nd Floor
         New York, New York 10004

         **Lovell Stewart Halebian Jacobson LLP**
         61 Broadway, Suite 501
         New York, New York 10006

**PRINCIPAL FINANCIAL GROUP, INC.**

By: _____
         Name:
         Date:

**DELAWARE CHARTER GUARANTEE & TRUST COMPANY d/b/a**
**PRINCIPAL TRUST COMPANY**

By: _____
         Name:
         Date:

34

CHI 7294463v.3