UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -   x
ROBERT GRUND, SUSAN GRUND, on behalf of        :
themselves and all others similarly situated,  :
                                               :  Case No. 09-CV-8025 (RWS)
                              Plaintiffs,      :
      v.                                       :
                                               :
DELAWARE CHARTER GUARANTEE & TRUST             :
COMPANY D/B/A PRINCIPAL TRUST                  :
COMPANY, and PRINCIPAL FINANCIAL               :
GROUP, INC.,                                   :
                              Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -   x
```

**[PROPOSED] ORDER**

WHEREAS, on September 11, 2013, the Court entered a Final Order and Judgment granting final approval of the Stipulation and Agreement of Settlement, dated February 13, 2013 (the "Settlement Agreement"), in all respects, and dismissed this action with prejudice. Docket Entry ("D.E.") 65 ("Final Order and Judgment");

WHEREAS, on January 22, 2014, the Court entered an Agreed Order for Distribution of the Settlement Fund (D.E. 74 ("Distribution Order"));

WHEREAS, on September 15, 2023, Class Counsel filed with the Court a motion stating that the distribution of the net Settlement Fund has been completed (except for checks issued to three missing Class members) and requesting that the Court enter an Order declaring that those three established claimants have waived their interests in the proceeds of the Settlement; requesting approval of the payment of $17,499.80 to the Settlement Administrator for unreimbursed administrative fees and costs; and approving that the balance of the Settlement Fund, *i.e.*, funds representing uncashed checks to missing Class members and the residue of the

Settlement Fund, after payment to the Settlement Administrator of unreimbursed fees and expenses for claims administration, be divided among certain proposed *cy pres* designees; and

WHEREAS, the Court having considered all papers filed and proceedings had herein and otherwise being fully informed in the premises and good cause appearing therefor,

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED**:

1. This Order hereby incorporates by reference the definitions in the Settlement Agreement, filed February 14, 2013 (D.E. No. 51) and all terms used herein shall have the same meanings as set forth therein.

2. The Settlement Administrator correctly distributed the proceeds from the net Settlement Fund subject to the Final Order and Judgment to established claimants at their proper addresses beginning on February 20, 2014.

3. The Settlement Administrator and Class Counsel have made reasonable efforts to locate the established claimants who have not cashed their checks representing their respective Settlement Payments, *i.e.*, their distributive shares of the proceeds from the Settlement Fund subject to the Final Order and Judgment.

4. The names and distributive shares of claimants who have not cashed their checks totaling $5,017.64 in proceeds from the Settlement subject to the Final Order and Judgment are set forth on Exhibit A hereto.

5. The unclaimed funds from uncashed checks shall not revert to Defendants and does not constitute abandoned property. This is because, among other reasons, Defendants have no reversion rights under the Settlement Agreement. D.E. No. 51. The remainder interests in such funds are held by established claimants. Established claimants are those Settlement Class

members who submitted valid claims and whose claims were found by the Parties and the Settlement Administrator to be entitled to a distribution under the Settlement Agreement.

6. Three established claimants (and/or their respective successor(s) in interest, heir(s), or assign(s)) who have not cashed their checks of the proceeds of the Settlement subject to the Final Order and Judgment have not timely cashed each of their respective checks or otherwise acted since the distribution of the net Settlement Fund by the Settlement Administrator beginning on February 20, 2014.

7. The efforts of the Settlement Administrator in seeking to locate and contact the three established claimants who have failed to timely cash their check or otherwise act since the distribution of the net Settlement Fund demonstrate that each such claimant's address and contact information have become stale and would require substantial additional efforts to update and verify, with no assurance of success.

8. The three established claimants (and/or their respective successor(s) in interest, heir(s), or assign(s)) who have not timely cashed their checks or otherwise acted since the distribution of the net Settlement Fund have waived their respective rights to any interest in their distributive shares of the proceeds of the Settlement subject to the Final Order and Judgment. The names of such claimants are as follows: Kathy Chen (Claim No. 106); Marcelle Kostewich (Claim No. 126); and Marilynn S. Lipton (Claim No. 129).

9. The Court hereby approves the payment of $17,499.80 from the residue of the Settlement Fund to the Settlement Administrator for unreimbursed administrative fees and expenses for services between September 25, 2015 and March 17, 2023 related to legal notification, distribution and tax reporting, project management, and technical consulting. The Court finds such payment is fair, reasonable and adequate.

10. The Court hereby approves the *cy pres* designees proposed by Class Counsel and authorizes the payment be divided among such designees as follows: 34% to the American Association of Retired Persons, 33% to the Pension Rights Center, and 33% to the Consumer Federation of America. The foregoing payments to the *cy pres* designees shall include the funds that were due the three established claimants until they waived same.

11. The Settlement Administrator and the Parties may close the net Settlement Fund, without further order of the Court, if it is appropriate to do so after the payments of unreimbursed administrative fees and expenses to the Settlement Administrator, to *cy pres* designees approved and authorized by the Court, and of any and all taxes subject to the filing of a final statement of the status of the net Settlement Fund.

12. Class Counsel is directed to rely upon the Settlement Administrator in all respects for compliance with all administrative determinations, including the calculation and distribution of Settlement Payments, as set forth in the Settlement Agreement, and the checks sent to the established claimants at their last address reflected on the Settlement Administrator's records. The Settlement Administrator and Class Counsel are hereby released and discharged from all claims by Class members or other persons related to the distribution and/or holding of the net Settlement Fund, except that Class Counsel and the Settlement Administrator must comply with this Order.

IT IS SO ORDERED.

Signed this 3rd day of __April__, ~~2023~~ 2024, at the Courthouse of the United States District Court for the Southern District of New York.

_____
United States District Judge